IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RYAN PENGELLY,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CHAD ZIMMERMAN, ERIC BRINTON, KIPP TKACHYK, GENO COOK, CITY OF KALISPELL, and FLATHEAD COUNTY,<br><br>　　　　　Defendants. | CV 19–10–M–DLC<br><br><br>ORDER |

On April 29, 2020, this Court entered a stay in this case (*see* Doc. 59) following Defendants Chad Zimmerman and Eric Brinton's appeal (Doc. 56) of this Court's order denying, in relevant part, their claims to qualified and statutory immunity on summary judgment (Doc. 55). Defendants now move the Court to lift the stay. (Doc. 63.) For the following reasons, the Motion is denied.

## BACKGROUND

Plaintiff Ryan Pengelly brought this suit alleging violations of the U.S. Constitution after he was injured by two city police officers in his home. (Doc. 1.) Pengelly also brought a parallel state court action alleging state-based claims on the same or similar set of facts. (*Compare* Docs. 64-1 *with* 1.) On March 19, 2020, this Court granted partial summary judgment to Defendants but denied

1

Defendants Chad Zimmerman and Eric Brinton's request for qualified and statutory immunity. (Doc. 55 at 27–30.) They appealed, and this Court stayed the remainder of the case pending the Ninth Circuit's review. (*See* Doc. 59.) Then, on August 31, 2020, the state court action went to trial, resulting in a defense verdict. (Doc. 64-2.) Defendants now move the Court to lift the stay in this case so they may move for summary judgment under the doctrines of res judicata and collateral estoppel. (Doc. 63.)

## DISCUSSION

Defendants argue that this Court may lift the stay and address matters in the case that are unrelated to the issues on appeal. (Doc. 64 at 5.) Although they acknowledge that the filing of an interlocutory appeal normally divests a court of jurisdiction, Defendants assert that jurisdiction is only lost over the particular issues involved in the appeal—and the court may proceed with unrelated issues. (*Id.* at 6.) Defendants argue that doing so is proper here, and to avoid any procedural conflicts, they will file a motion to stay the appeal. (*Id.* at 5.) The Court notes that since filing this motion, the Ninth Circuit has denied Defendants' request to stay the appeal. (Doc. 69-1.)

Pengelly asserts that the Court lacks jurisdiction over the entire case unless it determines that the appeal is frivolous. (Doc. 65 at 7–8.) Pengelly also suggests that lifting the stay to decide whether the doctrines of collateral estoppel or res

2

judicata apply would be premature given his belief that the verdict will be overturned on appeal.[1]  (*Id.* at 2.)  He further asserts that lifting the stay to decide a motion for summary judgment on res judicata could lead to thorny procedural issues that complicate either this Court's or the Ninth Circuit's ruling.  (*Id.* at 9.)

Deciding whether to lift the stay presents two discrete issues: (1) whether the Court has retained jurisdiction over any aspect of the case in light of Defendants' interlocutory appeal; and (2) if so, whether the Court will exercise its discretion to allow Defendants to pursue an alternate defense while the state court proceedings are ongoing.

### I.     The Court retains jurisdiction over a collateral issue.

Given Defendants' interlocutory appeal of the Court's denial of immunity, the question is whether this Court retains jurisdiction to hear collateral issues.  This is an issue to which the Ninth Circuit has provided direct guidance: an interlocutory appeal does not divest the Court of jurisdiction over unrelated matters.  *United States v. Claiborne*, 727 F.2d 842, 851 (9th Cir. 1984) (per curiam) (recognizing that the judge-made "divestiture" rule is not absolute and a district court retains jurisdiction over pre-trial matters when an interlocutory appeal lacks merit); *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982)

---

[1] Although it is not entirely clear whether Pengelly is currently seeking a new trial (*see* Doc. 67 at 2) or appealing straight to the Montana Supreme Court (*see* Doc. 65 at 2), it is nevertheless clear that Pengelly will continue to pursue his case.

(holding that an interlocutory appeal does not divest the trial court of jurisdiction over other aspects of the case, regardless of the appeal's merit); *accord United States v. Pitner*, 307 F.3d 1178, 1183 n.5 (9th Cir. 2002) ("[D]uring an interlocutory appeal, the district court retains jurisdiction to address aspects of the case that are not the subject of the appeal.").

Here, the issue of whether Pengelly's federal suit is barred by res judicata or collateral estoppel is wholly unrelated to whether Defendants Zimmerman and Brinton are otherwise immune from suit. To the extent Pengelly asserts that this Court may not entertain any motion on the matter without first certifying that the appeal is frivolous, the Court does not agree that such a finding is required when the issue on appeal is wholly separate. *Pitner*, 307 F.3d at 1183 n.5.

## II. Nevertheless, maintaining the stay until the Ninth Circuit issues its decision is appropriate in this case.

The filing of an interlocutory appeal does not automatically stay proceedings, although the district court has broad discretion to enter a stay to "promote economy of time and effort for itself, for counsel, and for litigants." *Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972) (internal marks omitted). However, the power to stay a case is not unlimited. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). A stay may not be appropriate where it will cause unnecessary delay or "hardship or inequity." *Id.* (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). It

4

therefore follows that a district court retains discretion to lift a previously imposed stay when circumstances change. *Boyle v. Cty. of Kern*, No. 103-CV-05162-OWW-GSA, 2008 WL 220413, at *5 (E.D. Cal. Jan. 25, 2008).

Defendants have not convinced the Court that any changing circumstances here warrant lifting the stay. For starters, Defendants have not asserted that any "hardship or inequity" will result from maintaining the stay until the Ninth Circuit issues its ruling. Nor can they. It's their appeal—Defendants seek a more advantageous ruling on the question of immunity so they may avoid defending against Pengelly's claims. That Defendants subsequently wish to assert a new defense with the hope of expediting their dismissal is not a legally sufficient hardship. *See Dependable Highway Exp., Inc.*, 498 F.3d at 1066 ("[B]eing required to defend a suit . . . does not constitute a 'clear case of hardship or inequity'"[.]).

Moreover, Defendants have not indicated that any failure to timely brief the issues of res judicata or collateral estoppel will cause an undue delay—particularly when Pengelly has not yet exhausted his options for challenging the jury's verdict. Given the uncertainty over the state court action, waiting for the Ninth Circuit to

issue a ruling is a reasonable delay.[2] At that time, the Court will be in the best position to determine what issues remain in the case.

Because the Court has decided to maintain the stay, it will not wade into the additional arguments raised by Pengelly. Accordingly,

IT IS ORDERED that Defendants' Motion (Doc. 63) is DENIED. The parties shall file a status report in 60 days clarifying the status of both the state court matter and the Ninth Circuit appeal.

DATED this 1st day of December, 2020.

_____
Dana L. Christensen, District Judge
United States District Court

---

[2] Although the Court did not indicate precisely when the stay will expire at the time it vacated the trial (*see* Doc. 59) it will do so now: the Court will lift the stay and proceed with the case after the Ninth Circuit issues a final decision on the issue of immunity, or the state court matter is fully resolved following appeal, whichever occurs last.